GREGOR D. GUY SMITH
California SBN 79058
Law Office of Gregor D. Guy-Smith
214 Duboce Avenue S
San Francisco, California 94103
Telephone: (415) 621-5151
Facsimile: (415) 255-8631
guysmith87@hotmail.com

Attorney for Defendant MEHARY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>ETHIOPES K. MEHARY,<br><br>　　　Defendant. | NO. 19-0458 WHO<br><br>ETHIOPES MEHARY'S<br>SENTENCING MEMORANDUM<br><br>Sentencing Date: May 14, 2020<br>Sentencing Time: 3:30 p.m. |

**I.     Background**

As of the time of this sentencing, the President has declared a national public health emergency,[1] and the Governor of the State of California has declared a public health emergency throughout the state,[2] both in response to the spread of the Coronavirus Disease 2019 (COVID-19). As the Court is aware General Order 72-2 and 73 were recently extended as a result of the impact and potential danger of COVID 19.[3]

---

[1] See Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak, https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/ (Mar. 13, 2020).

[2] See Governor Newsom Declares State of Emergency to Help State Prepare for Broader Spread of COVID-19, https://www.gov.ca.gov/2020/03/04/governor-newsom-declares-state-of-emergency-to-help-state-prepare-for-broader-spread-of-covid-19/ (Mar. 4, 2020)

[3] See General Order 72-2 IN RE: Coronavirus Disease Public Health Emergency and General Order 73 Continuing Temporary Restrictions on

On November 21, 2019, Ethiopes Mehary plead guilty to Distribution of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). He has been in custody since his arrest for a little over 7.5 months. During the time he has been in custody, the unit Mr. Mehary was housed in was the first housing Unit to undergo quarantine because inmates in that unit tested positive for coronavirus. Mr. Mehary is 50 years old, of African descent with high blood pressure, diabetes[4] and a comorbid diagnosis of substance abuse and Post Traumatic Stress Syndrome. Fortunately, during his time at the Santa Rita facility he has not succumbed to the virus.

Ethiopes Mehary's criminal history category is V. The total agreed offense level is 12. The Guideline range contemplates a sentence of between 27-33 months. The Government seeks a sentence within the guideline range. The PSR recommends a sentence of 27 months. The defense requests a variance from the Court to sentence Ethiopes to time served of 7.5 months with conditions in that sentence utilizing alternatives to further incarceration. The defense suggests that a sentence addressing the pre-existing comorbidity diagnosis is reasonable, appropriate and comports with the underlying rationale behind sentencing. This circumstance has yet to be adequately addressed during his lengthy contacts with the Criminal Justice system as set forth in the report of Dr. Amanda Gregory[5]

## II. Discussion

The presentence report fairly and accurately sets forth the offense behavior PSR ¶ ¶ 6-14. Mr. Mehary's arrest is a result of the TIP taskforce interdiction in the Tenderloin. Mr. Mehary held drugs for a street dealer to peddle. PSR¶ 8. His payment for providing this service was drugs for his personal use and addiction. PSR ¶ 16

Ethiopes was born in Asmara, Eritrea. He comes from a large family with at least 10 brothers and sisters. For 30 years Eritrea fought a war of independence against Ethiopia. Two of his older siblings were actively involved in the self-determination movement against the government. During the

---

Courthouse Access due to COVID-19 Public Health Emergency (Amended April 30, 2020).

[4] Potential Correlation between COVID19 and Diabetes recognized by the CDC https://www.webmd.com/lung/news/20200402/diabetes-and-other-conditions-raise-covid-19-risk

[5] Psychological Assessment Report of Dr. Amanda Gregory dated 3/30/2020 (hereafter "Report") The Report was forwarded to the AUSA and the Pre-Sentence officer 2 April 2020. Filed under Seal.

U.S. v. MEHARY
19-0458WHO

2

conflict aerial bombings employing phosphorous, napalm and cluster bombs by the government against armed rebels and civilian towns and villages were common.[6] Ethiopes experienced bombings as a child.

Those experiences and images have not receded from his consciousness[7]. At the age of ten (10) he was arrested by government officials for wearing a t-shirt with an independence slogan on it. He was kept in custody for 3 days.[8] Apart from a series of other unfortunate stressors common to a civilian population living during the trauma of armed conflict his upbringing was normal and supportive.

Unfortunately, his psychological reactions to these stressors were not resulting in a lengthy relationship with substance abuse and arrests.[9] He came to the United States in 1985 and fared decently until the 1989 earthquake which triggered and exacerbated his pre-existing psychological PTSD and increased his nightmares. Cocaine, prevalent at the time, was introduced to Ethiopes.[10] His life since that time is reflected in his criminal history records. They establish over two (2) decades of substance abuse. In June of 2019, a diagnosis of PTSD and "passive suicidality" was noted.[11] The comprehensive report of Dr. Amanda Gregory confirms and expands on these general findings.[12]

### A. 3553(a) Factors

With the advent of *U.S. v. Booker*, 125 U.S. 738 (2005), the Court once again has the power to sentence as it sees fit within the statutory framework of 18 U.S.C. § 3553(a). The restoration of this power gives the Court discretion to fashion a sentence *"sufficient but not greater than necessary"* to achieve the purpose of sentencing, as set forth in 18 U.S.C.§3553(a)(2) after, considering:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant [§3553(a)(1)];

(2) the need for the sentence imposed—

---

[6] https://uca.edu/politicalscience/dadm-project/sub-saharan-africa-region/ethiopiaeritrea-1950-1993/ (Ethiopia-Eritrean conflict Timeline 1950-1993) https://www.nytimes.com/1982/02/21/world/ethiopia-said-to-open-drive-against-eritrea-rebels.html; https://www.tesfanews.net/look-back-battle-massawa/ ( concerning use of napalm and soviet assistance to Ethiopia in 1977); https://www.hrw.org/reports//pdfs/e/ethiopia/ethiopia.919/c7redsta.pdf(Total War in Eritrea 1978-1984);

[7] See Psychological Assessment Report passim, PSR¶¶ 87-88

[8] Report at pg. 5; PSR¶ 87

[9] Report at pgs.8-9, ECF 49, PSR ¶¶ 29-83 (Criminal History – showing Ethiopes Mehary's narcotic related contacts, arrests, and convictions from 1991-2019)

[10] Ibid at pg. 4

[11] Ibid at pgs. 7-8 (Mental History)

[12] See Psychological Assessment Report

A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) and protection of the public; and

(D) **to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**[§3553(a)(2) (A-D)];

(3) the kinds of sentences available [§3553(a)(3)];

(4) the advisory – but *non-mandatory* – Sentencing Guidelines [§3553(a)(4) and (a)(5)];

(5) the need to avoid unwarranted sentencing disparity among defendants with similar records and similar conduct [§3553(a)(6)]; and

(6) the need to provide restitution to any victim of the offense [§3553(a)(7)].

(Emphasis Added)

In this case, the Court must choose the minimally sufficient sentence to fulfill the purposes of sentencing based on a consideration of all §3553(a) factors. *Kimbrough v. U.S.*, 128 S.Ct. 558, 570 (2007). The Supreme Court has rejected the notion that a sentence that amounts to a substantial variance from the Guidelines needs to be justified by extraordinary circumstances. Instead appellate courts must review all sentences, both within and without the Guidelines range, under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 591 (2007).

Two subsequent Supreme Court decisions, *Spears v. United States*, 555 U.S. 261(2009) and *Nelson v. United States*, 555 U.S. 350 (2009), have reiterated that the Guidelines are now truly advisory and that there is no presumption at the district court level that a Guidelines sentence is inherently reasonable. As stated by the Seventh Circuit, "[t]he district courts must calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 49l F.3d 680, 685 (7th Cir.2007).

Ethiopes Mehary is a candidate for a reasonable sentence unfettered by the formulaic application of the guidelines. He is certainly a candidate for consideration of the concerns and policy considerations of [§3553(a)(2)(D)].[13]

---

[13] Such a sentence must comport with the dictates of 18 USC 3582(a), and Tapia v. United States, 564 U.S 319, 131 S.Ct. 2382 (2011).

B.  **Sentencing Considerations**

Mr. Mehary seeks a sentence that has as its dominant feature treatment. It is respectfully suggested that further incarceration in his case is unwarranted, unproductive, wasteful and will have a deleterious effect on Mr. Mehary and the public.

Before the Court is a man with challenges that include Substance Use Disorders, Depressive Disorder and Posttraumatic Stress Disorder.  Mr. Mehary has a substantial and real interest in receiving treatment. He acknowledges that he needs to make significant changes in his life. Recognizing his interest, Dr. Gregory in assessing the totality of the circumstances in his life opines, that "the complexity of his difficulties suggests that treatment is likely to be challenging and not without reversals."[14]

Mr. Mehary is requesting a comprehensive, in depth sentencing plan that actively eschews warehousing him and actively imposes a treatment program that maximizes the potential for success. He understands the high risk and early impediments presented in his case from the outset and the need for appropriate intervention at the outset. He requests treatment which can maximize his ability to reenter society and thwart the risk of return to substance abuse. Based on Dr. Gregory's report he is likely to benefit from structured, evidenced based treatment (for example, Cognitive Behavioral Therapy and/or Dialectical Behavior Therapy) to address his symptoms of PTSD and depression.[15]

Therefore, Mr. Mehary requests the Court to sentence him to credit for time served and direct he be placed on a term of supervised release on those conditions the Court deems just and proper including the Stay Away Order from the Tenderloin District and expanded search condition:

As a condition of supervised release, he requests the Court order he be placed in a residential treatment program that directly addresses his substance use issues, symptoms of PTSD and depression, and that can assist him in improving his coping skill,  such as the New Bridge Foundation.  If such a program is unavailable, he requests the Court order as a condition of probation he be placed in a robust out-patient program that addresses the issues just raised. [16]

Mr. Mehary knows that without treatment he is at high risk for returning to substance use.

Undersigned counsel has spoken with Mr. Mehary who requests that his sentencing matter proceed on May14, 2020 by telephone. Mr. Mehary understands his right to be sentenced in person and has specifically waived that right requesting that his sentencing proceeds by the most expeditious

---

[14] Report at pg.15

[15] Report at pg. 18; See also ECF Doc. 49, PSR Sentencing Recommendation pgs. 34-35, para 2.

[16] Placement in a halfway house has also been considered but given the medical crises in the Bay Area it is unclear whether they will be available.

manner possible given the presence of the COVID19 at the Santa Rita Jail Facility where he is held and his experiences there during this health crisis.

### III. Conclusion

For the reasons set forth above, the Defendant Ethiopes Mehary requests the Court sentence him to time served with conditions that address the underlying challenges and reasons he appears before the Court.

Dated: May 7, 2020                                                  Respectfully Submitted,

/s/

_____

Gregor D. Guy-Smith

Attorney for Defendant

ETHIOPES MEHARY